IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARITO ARMIJO, | ) | |
| ID # 36250-177, | ) | |
| Movant, | ) | No. 3:16-CV-1883-N (BH) |
| vs. | ) | No. 3:06-CR-328-N (03) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** as barred by the statute of limitations.

### I. BACKGROUND

Margarita Armijo ("Movant"), a federal prisoner, challenges his 2008 convictions for bank robbery, unlawful use of a firearm, and aiding and abetting, and his 4,629-month sentence with a 3-year term of supervised release. (*See* doc. 2.)[1] His direct appeal was unsuccessful, *see United States v. Montes*, 602 F.3d 381 (5th Cir. 2010), and his petition for a writ of certiorari was denied on October 4, 2010. (*See* doc. 214).

Movant later filed a motion for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was construed as a motion under 28 U.S.C. § 2255. (*See* 3:16-CV-1883-N, doc. 1 & 2.) It was signed on April 28, 2016, and received on May 9, 2016. (*See* 3:16-CV-1883-N, doc. 1 at 8)[2]

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:06-CR-328-N (03).

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Movant then amended his motion using the Court's standard § 2255 filing form. (*See* 3:16-CV-1883-N, doc. 4.)

### III. STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). With regard to § 2255(f)(1), Movant's conviction became final on October 4, 2010, when the Supreme Court denied his certiorari petition. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). He does not allege that government action prevented him from filing a § 2255 motion earlier, so § 2255(f)(2) does not apply. The facts supporting his claim arose when he was sentenced, so § 2255(f)(4) also does not apply.

### A.     *Johnson v. United States*

Movant cites the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B), violates the Constitution's guarantee of due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). This implicates § 2255(f)(3), which provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Movant was not convicted under the Armed Career Criminal Act, and that is not the statute that he seeks to challenge. Instead, he seeks to extend the reasoning of *Johnson* to his convictions under 18 U.S.C. § 924(c)(1)(A) for possessing a firearm during a bank robbery, i.e., a crime of violence as defined in 18 U.S.C. § 924(c)(3). He is attempting to rely on a new right that the Supreme Court has not yet recognized. A right is "new" if it is "not *dictated* by precedent." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (emphasis in original) (quoting *Teague v. Lane*, 489 U.S. 288. 301 (1989)); *see also Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016) (collecting cases and noting that Courts of Appeals agree that whether the Supreme Court has recognized a new "right," resetting AEDPA's statute of limitation under § 2255(f)(3), requires the same inquiry as determining whether the Supreme Court has announced a new "rule" under *Teague*); *United States v. Morgan*, 845 F.3d 664, 667-68 (5th Cir. 2017) (inquiring whether the Supreme Court announced a new "rule" when determining whether a § 2255 motion was timely under §

3

2255(f)(3)). A right is "dictated" by precedent only if it is "apparent to all reasonable jurists." *Chaidez*, 568 U.S. at 347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)).

Here, "[i]t is far from 'apparent to all reasonable jurists' that § 924(c)(3)(B) is unconstitutional under *Johnson*." *United States v. Autobee*, No. 17-1082, 2017 WL 2871893, *4 (10th Cir. July 6, 2017) (per curiam) (concluding that §2255(f)(3) did not apply to a §2255 motion attempting to extend *Johnson* to invalidate §924(c)). The Fifth Circuit has recently rejected an attempt to extend *Johnson* to invalidate § 924(c). *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) ("the definition of 'crime of violence' under § 924(c)(3)(B) is not unconstitutionally vague"). This finding is consistent with that of other Circuit courts. *See United States v. Prickett*, 839 F.3d 697, 699-700 (8th Cir. 2016) ("we join the Second and Sixth Circuits in upholding §924(c)(3)(B) against a vagueness challenge."); *United States v. Hill*, 832 F.3d 135, 145-50 (2d Cir. 2016) (same); *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016) (same). Because *Johnson* did not dictate to all reasonable jurists that § 924(c)(3) is unconstitutionally vague, *Johnson* does not apply here, so § 2255(f)(3) also does not apply. *See Autobee*, 2017 WL 2871893, at *4; *see also Raybon v. United States*, 867 F.3d 625, 625 (6th Cir. 2017) (holding that the only claims that trigger § 2255(f)(3) under *Johnson* are those that rely on the right that *Johnson* announced); *United States v. Brown*, ___ F.3d ___, ___, 2017 WL 3585073, at * 4 (4th Cir. 2017) (same); *Lewis v. United States*, No. 3:16-cv-1709-B, 2017 WL 3896371, at *2 (N.D. Tex. Aug. 16, 2017), *rec. accepted*, 2017 WL 3927090 (N.D. Tex. Sep. 7, 2017) (holding that § 2255(f)(3) did not apply to an attempt to extend *Johnson* to invalidate § 924(c)(3)).

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, October 4, 2010, the one-year statute of limitations began to run from that date. Even

4

assuming that Movant mailed his first § 2255 motion on the date that he signed it, April 28, 2016, it is untimely in the absence of equitable tolling.

**B.     Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, the movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant presents no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier. Because he has

not met his burden to establish circumstances warranting equitable tolling, his motion to vacate should be denied as untimely.

## II.  RECOMMENDATION

Movant's motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 18th day of September, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE